UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 SEP -6 PM 3: 47

CLERK
BY _____
DEPUTY CLERK

DEVEN BARRETTE,                          )
                                         )
    Plaintiff,                           )
                                         )
    v.                                   )   Case No. 2:22-cv-00129
                                         )
VILLAGE OF SWANTON,                      )
HOWARD CENTER, INC., d/b/a/              )
HOWARD CENTER, KYLE GAGNE,               )
ROBERT RECORE, LEONARD STELL,            )
JORDAN MICHAEL MOSHER, and               )
JOHN AND JANE DOES I-X,                  )
                                         )
    Defendants.                          )

### ENTRY ORDER DENYING THE HOWARD CENTER'S MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b)
(Doc. 151)

Plaintiff Deven Barrette ("Plaintiff") brings this action against Defendants the Village of Swanton; Howard Center, Inc., doing business as Howard Center (the "Howard Center"); Kyle Gagne ("Defendant Gagne"); Jordan M. Mosher ("Defendant Mosher"); Robert Recore ("Defendant Recore"); and Leonard Stell ("Defendant Stell"); as well as John and Jane Does I-X (the "Doe Defendants").

Plaintiff's claims arise from his detention by Swanton Village Police Department officers on the night of April 1, 2020, and subsequent treatment by those officers and Northwest State Correctional Facility ("NSCF") employees. The Amended Complaint asserts eight claims: violation of his Fourth and Fourteenth Amendment rights against excessive force under 42 U.S.C. § 1983 against Defendants Recore, Gagne, and Mosher (Count I); violation of his Fourth and Fourteenth Amendment rights against unlawful detention or seizure under 42 U.S.C. § 1983 against Defendants Recore, Gagne, and Mosher (Count II); violation of his Fourth and Fourteenth Amendment rights against

unlawful imprisonment under 42 U.S.C. § 1983 against Defendants Recore, Gagne, and Mosher (Count III); unconstitutional policies, customs, and practices under 42 U.S.C. § 1983 against the Village of Swanton (Count IV); assault and battery against Defendants Recore, Gagne, and Mosher (Count V); violation of the Vermont Constitution, Chapter 1, Article 11, against the Village of Swanton (Count VI); intentional infliction of emotional distress against Defendants Recore, Gagne, and Mosher (Count VII); and negligence against the Howard Center and Doe Defendants (Count VIII).

The court granted the Howard Center's motion to dismiss the Amended Complaint on March 19, 2024. (Doc. 150.) On March 21, 2024, the Howard Center moved for entry of judgment under Fed. R. Civ. P. 54(b), (Doc. 151), and Plaintiff opposed the motion on April 24, 2024. (Doc. 158.) The Howard Center filed a reply on May 8, 2024 (Doc. 161), at which time the court took the pending motion under advisement.

Plaintiff is represented by Colin R. Hagan, Esq., David J. Shlansky, Esq., and Frances F. Workman, Esq. The Village of Swanton and Defendants Gagne and Stell are represented by James F. Carroll, Esq. The Howard Center is represented by Richard J. Windish, Esq., and Elizabeth A. Willhite, Esq. Defendant Recore is represented by Brian P. Monaghan, Esq. Defendant Mosher is represented by Andrew C. Boxer, Esq., and Oliver A. Abbott, Esq.

Pursuant to Fed. R. Civ. P. 54(b), a court may "enter partial final judgment when three requirements have been satisfied:"

> (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an express determination that there is no just reason for delay of entry of final judgment as to fewer than all of the claims or parties involved in the action.

*Linde v. Arab Bank, PLC*, 882 F.3d 314, 322-23 (2d Cir. 2018) (alteration adopted) (citation and internal quotation marks omitted).

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in [a] setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen.*

*Elec. Co.*, 446 U.S. 1, 8 (1980). A court should also "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (footnote omitted).

Even where the adjudicated and remaining claims may be decided separately, an entry of partial final judgment "should be used only in the infrequent harsh case," and only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal[.]" *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (per curiam)). A danger of hardship exists "where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims[.]" *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (citations and internal quotation marks omitted).

"The matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must [also] be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'" *O'Bert*, 331 F.3d at 40-41 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). "Respect for that policy requires that the court's power . . . be exercised sparingly[,]" bearing in mind "that 'not all' dismissals of 'individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims.'" *Id.* at 41 (alteration adopted) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). "Within this framework, the determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court and will be set aside only for an abuse of discretion." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

The Howard Center requests partial final judgment in its favor so that it may expeditiously respond to any appeal and avoid the inconvenience of re-engaging in this

3

action if the dismissal against it is overturned post-trial. It argues that Plaintiff's negligence claim, which pertained to the Howard Center's duty to screen and place individuals, is separable and legally distinct from those asserted against the remaining Defendants. Claiming that courts should not exclusively apply Fed. R. Civ. P. 54(b) to the "infrequent hard case[,]" the Howard Center contends that judicial efficiency favors the entry of partial judgment. (Doc. 161 at 4) (citation and internal quotation marks omitted).

Plaintiff asserts that partial final judgment is unwarranted and points to allegedly contradictory and insufficient rationales the Howard Center gave during a post-motion conference, such as the possibility of re-opening the case file, prejudice from a duplicative trial, and preclusion from participating in discovery. Because Howard Center's counsel allegedly stated that Plaintiff "had no material[] facts or evidence against Howard Center[,]" Plaintiff contends "it should be immaterial to Howard Center whether final judgment is entered now or in a matter of months because under its assertion an appeal is unlikely to succeed." (Doc. 158 at 5.)

In the Amended Complaint, Plaintiff asserted eight counts against Defendants arising from his allegedly wrongful treatment during the night of April 1, 2020. His negligence claim against the Howard Center is legally distinct from his § 1983, Vermont constitutional, and common law claims and involves Plaintiff's interaction with the Howard Center after law enforcement took him into custody and before he arrived at NSCF. The lack of legal and factual overlap between the dismissed and remaining claims weighs in favor of entering partial final judgment for the Howard Center. *See Read v. Corning Inc.*, 371 F. Supp. 3d 87, 93 (W.D.N.Y. 2019) ("Claims are generally treated as separable within the meaning of Rule 54(b) if they involve at least some different questions of fact and law and could be separately enforced[.]") (citation and internal quotation marks omitted); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989) ("When the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court the certified claims may be considered separate claims under Rule 54(b).").

There are, however, "no countervailing equities that would justify partial judgment[.]" *Horn v. Med. Marijuana, Inc.*, 2019 WL 4871499, at *2 (W.D.N.Y. Oct. 3, 2019). The Howard Center also does not clearly "articulate[] any unusual hardship or injustice that [they], or any other party, would endure if required to await, in accordance with normal federal practice, the disposition of the entire case before obtaining a final judgment[,]" especially because the case is set to be trial-ready by November 15, 2024. *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 2020 WL 9211177, at *3 (S.D.N.Y. Mar. 9, 2020) (alteration adopted) (citation and internal quotation marks omitted).

A delayed response to an appeal, administrative burdens, and the cost of re-engagement post-trial are not hardships that justify certification. *See Crespo v. Carvajal*, 2021 WL 4237002, at *6 (E.D.N.Y. Sept. 14, 2021) ("[T]he delay caused by having to wait to appeal until after final judgment is entered is inherent in every denial of Rule 54(b) certification."); *TADCO Constr. Grp. Corp. v. Dormitory Auth. of N.Y.*, 2012 WL 3011735, at *6 (E.D.N.Y. July 23, 2012) (explaining that the alleged "tremendous additional legal fees for a potential second trial" was a hardship "inherent in *every* denial of Rule 54(b) certification[] and hardly rise[s] to the level of [a] hardship[] that warrant[s] immediate appeal") (internal quotation marks omitted) (emphasis in original). The expense and resources which will inevitably result from piecemeal appeals outweighs any need for certification.

For the foregoing reasons, the Howard Center's motion for entry of judgment under Rule 54(b) (Doc. 151) is DENIED.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 6th day of September, 2024.

Christina Reiss, Chief Judge
United States District Court

5